IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


KAREN BRASELTON,                          :

    Plaintiff,                          :
                             Case No. 3:05cv284

        vs.                          :
                             JUDGE WALTER HERBERT RICE

JAMES B. PEAKE, SECRETARY              :
OF VETERANS AFFAIRS,[1]
                             :

    Defendant.

---

DECISION AND ENTRY SUSTAINING, IN PART, AND OVERRULING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #16) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #19); JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF, IN PART, AND IN FAVOR OF DEFENDANT, IN PART; TERMINATION ENTRY

---

    The Defendant Secretary of Veterans Affairs ("Secretary") employed the

Plaintiff, Karen Braselton, as a nurse at the Dayton Veterans Affairs ("DVA")

Medical Center, Dayton, Ohio, beginning in the early 1980's. As a result of

various charges, the Secretary terminated Braselton on October 4, 2002.

Braselton appealed her termination to the Department of Veterans Affairs

Disciplinary Appeals Board and was reinstated, effective October 5, 2002, subject

to a 45-day suspension, and was awarded back pay in accordance with the

---

[1]The Secretary of Veterans Affairs at the time the Plaintiff commenced this litigation was R. James Nicholson. The current Secretary of Veterans Affairs, who is automatically substituted as a party defendant in accordance with Federal Rule of Civil Procedure 25(d), is James B. Peake.

provisions of the Back Pay Act (5 U.S.C. § 5596).

The present litigation pertains to the Secretary's alleged violations of the Back Pay Act, to wit: (1) failure to pay the full amount of back pay to which Braselton was entitled (specifically, amounts improperly deducted for health insurance premiums); (2) failure to pay interest on the amount of the back pay she received and the amount of back pay she is still due; and (3) failure to award attorney fees for her representation in appealing her termination.[2] Doc. #1. As previously established by the Court at the conference call with parties' counsel on February 5, 2008, there are no genuine issues of material fact yet to be resolved in this case. See Min. Entry for Tele. Conf., Feb. 5, 2008. Thus, after a recitation of the pertinent facts, the Court will render its decision as to the three remaining claims before it.

_____

[2]Braselton's Complaint contained several other allegations of violations of the Back Pay Act. At this stage of the litigation, however, all claims have been withdrawn except the three claims referenced here. See e.g., Doc. #21 at 6 (noting resolution of claim for unpaid Thrift Savings Plan contributions); Doc. #25 (withdrawing request for reimbursement of union dues and life insurance); Doc. #26 (withdrawing request for reimbursement of unemployment compensation).

The Court takes note of the fact that the claim for unpaid attorney fees, pursuant to the Back Pay Act, is not clearly set forth in the Plaintiff's Complaint. See Doc. #1. Given that the Complaint closes with a general claim for "reasonable attorney fees, as required by law," combined with the Defendant's failure to object to this omission and the Federal Rules of Civil Procedure's permissive grant of authority to courts to allow parties to amend their pleadings (Fed. R. Civ. Proc. 15(a)(2)), the Court considers the Plaintiff's claim for unpaid attorney fees under the Back Pay Act to have been sufficiently pled.

I.    FACTS[3]

The DVA charged Braselton with two specifications of patient abuse in the form of neglect and one specification of failure to properly document medical records. Doc. #16, Ex. C (Decision by Deputy Under Sec. for Health dtd. Sept. 17, 2003) at 2-4.  Although these three incidents allegedly happened on October 1, 2001, the DVA did not remove Braselton from her nursing position until the conclusion of its investigation into the alleged improprieties, on October 4, 2002, more than a year later. Id.; Doc. #16, Ex. F at 52-53 (Memo. from DVA to Braselton dtd. Sept. 13, 2002).  During the intervening time period, Braselton received satisfactory proficiency and performance ratings. Doc. #16, Ex. C (Decision by Deputy Under Sec. for Health dtd. Sept. 17, 2003) at 5.

Braselton appealed her termination to the Disciplinary Appeals Board, which ultimately concluded that two of the three charges against her were supported by a preponderance of the evidence, but the third charge was not. Id. at 3-4 (finding that one charge of patient abuse by neglect and the charge of failure to properly document were supported by evidence, but the other charge of patient abuse was

---

[3]This Decision addresses both the Plaintiff's Motion for Summary Judgment (Doc. #16) and the Defendant's Motion for Summary Judgment (Doc. #19).  When ruling on the Plaintiff's Motion, the Court will consider the facts and circumstances giving rise to such Motion in the manner most favorable to the Defendant, as the party against whom the Motion is directed and, conversely, when ruling on the Defendant's Motion, the Court will consider the facts and circumstances giving rise to such Motion in the manner most favorable to the Plaintiff. Servo Kinetics, Inc. v. Tokyo Precision Instruments, 475 F.3d 783, 790 (6th Cir. 2007).

not).  As to the propriety of Braselton's penalty, the Board concluded that, based on Braselton's length of service, the lack of evidence about any prior discipline problems, her otherwise satisfactory work performance and the absence of any restriction on her patient care duties during the time period between the incidents of misconduct and the effective date of the discharge, the "penalty of discharge selected by the Dayton VA Medical Center [was] unreasonable." Id. at 6.  Instead, the Board reasoned, Braselton should be retroactively returned to duty as of October 5, 2002, with a 45-day suspension to be commenced that same date. Id.

In the final administrative action for this case, the Deputy Under Secretary for Health adopted the findings and conclusions of the Disciplinary Appeals Board ordering Braselton retroactively returned to duty, subject to the proposed 45-day suspension. Id. at 1.  In addition, the Deputy Under Secretary ordered that Braselton be paid "the appropriate amount of back pay less the 45-day suspension according to the provisions of the Back Pay Act no later than 60 calendar days after the date of receipt of this decision." Id.

The gross amount of Braselton's back pay award was $55,265.24, although she received a check for only $21,231.65, with the remainder being withheld for various deductions. Doc. #16, Ex. A (Braselton Aff.) ¶¶ 3-4.  One of the amounts deducted (and the only one still in contention in this litigation) is the sum of $1,077.68, for health insurance premiums. Id. ¶ 6.  Braselton received no interest on any portion of her back pay award. Id. ¶ 9.

4

Braselton petitioned the Deputy Under Secretary for an award of attorney

fees and expenses in the amount of $28,109, pursuant to the Back Pay Act, to

cover the costs of her representation in opposing her termination. Doc. #16, Ex. F

(Mot. for Award of Counsel Fees).  The Deputy never ruled on her motion. Doc.

#16, Ex. A (Braselton Aff.) ¶ 5.


II.    SUMMARY JUDGMENT STANDARD

Summary judgment must be entered "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." Celotex Corp.

v. Catrett, 477 U.S. 317, 322 (1986).  The moving party,

> always bears the initial responsibility of informing the district court of
> the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must

present evidence that creates a genuine issue of material fact making it necessary

to resolve the difference at trial." Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241,

1245 (6th Cir. 1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250

(1986).  Once the burden of production has so shifted, the party opposing

summary judgment cannot rest on its pleadings or merely reassert its previous

allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex, 477 U.S. at 324.  "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." Mich. Prot. & Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).  In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller &

6

Kane, Federal Practice and Procedure Civil 3d § 2726 (1998).

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992), cert. denied, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.


III.    BACK PAY ACT

As previously stated, the Plaintiff asserts that the Secretary has violated the Back Pay Act in the following three ways:  (1) failure to pay the full amount of back pay to which she was entitled (specifically, the amount improperly deducted for health insurance premiums); (2) failure to pay interest on the amount of the

back pay she received and the amount of back pay she is still due; and (3) failure

to award attorney fees for her representation in appealing her termination.  The

Court will address each of these contentions in order.


     A.    <u>Health Insurance Premiums</u>

The Defendant withheld $1,077.68 from the Plaintiff's back pay award for

health insurance premiums.  Citing 5 C.F.R. § 550.805, the Plaintiff argues that

amounts for health insurance may only be withheld from back pay if the employee

elects to retroactively reinstate her health benefits, which the Plaintiff in this case

did not do. Doc. #16, Ex. A (Braselton Aff.) ¶ 6.  The Defendant does not respond

to this argument, but, instead argues (without legal citation) that because the

Plaintiff was never really terminated (given her retroactive reinstatement), she was

still covered by health insurance during her absence period and should rightly pay

the premiums associated with that coverage. Doc. #19 (Def.'s Summ. J. Mot.) at

7-8.

Part 550 of Title 5 of the Code of Federal Regulations covers pay

administration.  Subpart H pertains to back pay, with § 550.805 applying

specifically to the computation of such.  In pertinent part, that Section provides

that in computing the net amount of back pay payable under the Act, an agency

must make deductions from the gross back pay award, to include "[a]uthorized

deductions of the type that would have been made from the employee's pay (if

paid when properly due) . . . including, but not limited to . . . [h]ealth benefits premiums, if coverage . . . is retroactively reinstated at the employee's election under 5 U.S.C. 8908(a) . . . ." 5 C.F.R. § 550.805(e)(3)(iii).

The Court finds that the provisions of 5 C.F.R. § 550.805(e)(3)(iii) fully support the Plaintiff's claim that she is entitled to payment for the health insurance premiums in the amount of $1,077.69 that were wrongfully withheld from her back pay award, given that the Defendant has set forth no evidence to contradict her evidence that she did not elect to retroactively reinstate her health insurance coverage.[4] The Defendant points to, and the Court finds, no authority to support his contention that the Plaintiff should bear the cost of health care premiums during her time away from work, since she was retroactively reinstated and, thus, effectively never terminated. On the contrary, 5 C.F.R. § 550.805(e)(3)(iii) provides just the opposite, in cases where the employee does not make the necessary retroactive election to reinstate the coverage.

There being no genuine issue of material fact on this issue and the legal authority being supportive of the Plaintiff's claim, the Plaintiff's Motion for Summary Judgment (Doc. #16) is SUSTAINED, on the issue of the Defendant wrongfully withholding the sum of $1,077.68 from the Plaintiff's back pay award for health insurance premiums. Conversely, the Defendant's Motion for Summary

---

[4]The record contains no evidence that Plaintiff made, or attempted to make, any claim upon her health insurance coverage, during the period between her termination and the date she was retroactively returned to duty.

Judgment (Doc. #19) is OVERRULED, on this issue.

     B.   <u>Interest</u>

The Plaintiff next contends that the she was entitled to interest on the amount of the back pay she received, as well as the amount of back pay the Secretary still owes her for the wrongfully withheld health insurance premiums, and that the Defendant did not pay her any such interest.  As legal support for her position, the Plaintiff points to that part of the Back Pay Act that provides that an employee who is entitled to back pay is entitled to receive the back pay amount "with interest" and that such interest must be computed in accordance with the provisions therein. 5 U.S.C. § 5596(b)(1)-(2).  The Defendant provides nothing in response.

The Court agrees with the Plaintiff that, pursuant to the plain language of the Back Pay Act, she is entitled to interest on her back pay amount, to include the amount she previously received ($21,231.65) and the amount she is yet to receive for the health insurance premiums ($1,077.68), for a total of $22,309.33.[5]

_____

[5]The only Sixth Circuit case that has addressed this point came to the opposite conclusion.  In <u>Van Winkle v. McLucas</u>, 537 F.2d 246 (6th Cir. 1976), the Court disallowed interest on a back pay award based on the 1970 version of the Back Pay Act, which did not include a provision for interest.  However, in 1987, Congress amended § 5596 to add the current subparagraph (b)(2), which specifically provides for the payment of interest on back pay awards. Pub. L. No. 100-202, § 101(m) [Title VI, § 623(a)], 101 Stat. 1329-428 (codified at 5 U.S.C. § 5996(b)(2)).  Subsequently, district courts in this Circuit have recognized that § 5596 now calls for the provision of interest on back pay awards. <u>Brammell v. Springer</u>, 2008 U.S. Dist. LEXIS 1392, *26 (E.D. Ky. Jan. 8, 2008); <u>Askin v. Barr</u>,

Further, such sum shall be computed in accordance with 5 U.S.C. § 5596(b)(2)(B).

There being no genuine issue of material fact and the legal authority being supportive of the Plaintiff's claim, the Plaintiff's Motion for Summary Judgment (Doc. #16) is SUSTAINED, on the issue of the Defendant owing her interest on the amount of the back pay she received, as well as the amount of back pay the Secretary still owes her for the wrongfully withheld health insurance premiums. Conversely, the Defendant's Motion for Summary Judgment (Doc. #19) is OVERRULED, on this issue.

C.     Attorney Fees

The Plaintiff's last claim is that she is entitled to reimbursement for the attorney fees and costs she incurred as a result of appealing her wrongful termination.  She asserts total fees and costs in the sum of $28,109.  The Court will first look at the parties' arguments, on this claim, and then consider the relevant law.

1.     Parties' Arguments

a.     Plaintiff's Position

The Plaintiff argues that reasonable attorney fees may be awarded if an

_____

1992 U.S. Dist. LEXIS 14936, *29 (W.D. Mich. July 2, 1992).

employee is the prevailing party in a case and if it is warranted in the interest of justice, including when the agency's action was clearly without merit. Doc. #16 at 12-13 (citing 5 U.S.C. § 5596(b)(1)(A)(ii), § 7701(g)). The Plaintiff asserts that there is no dispute that she was the prevailing party. Id. at 13. The Plaintiff continues by arguing that the Director of the DVA failed to consider the policy of "like penalties for like offenses" when he made the decision to terminate her and this alleged error demonstrates that an award of attorney fees is in the interest of justice. Id. In support thereof, the Plaintiff cites a decision from the Western District of New York, Ward v. Brown, 899 F. Supp. 123 (W.D.N.Y. 1995).

The Plaintiff also argues that there is other considerable evidence that her discharge was without merit, including the fact, that although the allegations of patient abuse arose on October 1, 2001, she was permitted to care for patients until her discharge a year later. On this point, the Disciplinary Appeals Board concluded "[a]ny reasonable person would have taken immediate steps to remove Ms. Braselton from patient care as of October 2, 2001, if it was truly believed she had abused a patient to such an extent that her discharge was warranted." Doc. #16, Ex. C (Decision by Deputy Under Sec. for Health dtd. Sept. 17, 2003) at 5. Furthermore, between the date of the incidents of misconduct and her termination a year later, the Plaintiff received a satisfactory proficiency report (for the time period that included the date of the incidents of misconduct), which included some complimentary narrative statements, and also received a satisfactory review of her

12

"professional ability and performance" by the Nurse Professional Standards Board (which review was approved by Dr. Steven Cohen who signed the termination notice Plaintiff received several months later). Id. at 4.  The Plaintiff also points to her satisfactory work record throughout her tenure at the DVA, with the exception of the one day in 2001, on which the two incidents of misconduct arose. Id. at 5.

           b.    Defendant's Position

       The Defendant argues that, although the Plaintiff was admittedly a "prevailing party"  under 5 U.S.C. § 7701(g), awarding her attorney fees is not warranted "in the interest of justice."  In support of his position, the Defendant cites the five criteria articulated in Allen v. United States Postal Service, 2 M.S.P.R. 420, 434-35 (M.S.P.B. 1980)), which courts use to determine whether an award of attorney fees serves the interest of justice, arguing that none of the criteria weighs in favor of the Plaintiff.

       It is unclear exactly what the Defendant is asserting in response to the Plaintiff's "like penalties for like offenses" argument.  Initially, he states that neither the Disciplinary Appeals Board nor the Deputy Under Secretary considered "like penalties for like offenses" in making their decisions to reinstate the Plaintiff, which seems to partially support the Plaintiff's argument on this point. Doc. #20 (Def.'s Resp. to Summ. J. Mot.) at 6.  The Defendant also contends that there is no evidence (legal authority?) that the Director of the DVA's failure to consider

13

"like penalties for like offenses" in his initial decision to terminate the Plaintiff

constitutes an action clearly without merit. Id.


c.    Plaintiff's Response

In response to the Allen criteria cited by the Defendant, the Plaintiff counters

by pointing out that Allen sets forth illustrative (not exhaustive) factors a court

may consider in making a determination about whether the award of attorney fees

serves the interest of justice, not elements of a test. Doc. #21 at 10-11 (citing

Allen, 2 M.S.P.R. at 434-35).  Furthermore, the Plaintiff asserts that her request,

as outlined above, clearly falls within the parameters of the factor that considers

whether the agency's actions were "clearly without merit." Id. at 11.


2.    Legal Analysis

Along with providing for back pay to wrongfully terminated agency

employees, the Back Pay Act also allows reasonable attorney fees to be "awarded

in accordance with standards established under [5 U.S.C. § 7701(g)]." 5 U.S.C.

§ 5596(b)(1)(A)(ii).  Section 7701(g) provides that

> the Board, or an administrative law judge or other employee of the
> Board designated to hear a case, may require payment by the agency
> involved of reasonable attorney fees incurred by an employee or
> applicant for employment if the employee or applicant is the prevailing
> party and the Board, administrative law judge, or other employee (as
> the case may be) determines that payment by the agency is warranted
> in the interest of justice, including any case in which a prohibited
> personnel practice was engaged in by the agency or any case in which

14

the agency's action was clearly without merit.

5 U.S.C. § 7701(g)(1) (emphasis added). Courts interpreting this Section, thus, have required a plaintiff to demonstrate that she is the "prevailing party" and that payment of her attorney fees is "warranted in the interest of justice." E.g., Morrison v. NSF, 423 F.3d 1366, 1370 (Fed. Cir. 2005).

The parties, in this litigation, agree that the Plaintiff is the prevailing party. Thus, the only question to resolve is whether an award of attorney fees is warranted in the interest of justice.

a.    Like Penalties for Like Offenses

In Ward v. Brown, 899 F. Supp. 123 (W.D.N.Y. 1995), the Secretary of Veterans Administration fired the plaintiff nurse based on allegations of verbal abuse. Upon appeal of his termination, the plaintiff was reinstated, although he was only partially exonerated on the abuse charges. Id. at 124-25. His reinstatement was as a result of the court determining that the Secretary had not considered the VA policy requiring him to consider similar penalties for similar offenses when he made the termination decision.[6] Id. at 125. Likewise, the decision to award attorney fees was based on the Secretary's failure to consider

---

[6]Previously, the plaintiff sought redress from the Secretary's decision from the District Court for the Western District of New York, Ward v. Derwinski, 837 F. Supp. 517 (W.D.N.Y. 1992), and then the Secretary appealed that decision to the Second Circuit. Ward v. Brown, 22 F.3d 516 (2d Cir. N.Y. 1994). The 1995 District Court case that the Plaintiff cites was a costs and fees proceeding.

15

the same VA policy. Id. at 125-26.

The attorney fees decision, in Ward, was based on the holding in a previous decision, in that case, which relied on consideration of the "like penalties for like offenses" directive found in two places, to wit:  (1) the version of 38 U.S.C. § 4110(d) that was in effect at the time of the plaintiff's alleged misconduct (in 1989), under which an agency's ability to discipline was limited to certain penalties set forth by the Secretary, and (2) VA Manual MP-5, Pt. II, ch. 8. Ward v. Brown, 22 F.3d 516, 521 (2d Cir. N.Y. 1994).  However, in 1991, Congress repealed the version of 38 U.S.C. § 4110(d) that the Ward Court had relied upon. Act May 7, 1991, P.L. 102-40, Title IV, § 401(a)(3), 105 Stat. 210.  Furthermore, the Plaintiff, in this case, has not provided the Court with the version of VA Manual MP-5, Pt. II, ch. 8 that was in effect during the events in question in this case (to the extent there was one), nor any other VA Manual provision upon which it can rely in making the determinations hereunder.

Because the Plaintiff has pointed to no current legal authority to support its argument on "like penalties for like offenses" and because the Court has found none, the Court will now turn to an analysis of the Allen factors.


b.    Allen Criteria

As both of the parties have stated, courts have relied on the following criteria, first set forth in Allen v. United States Postal Serv., 2 M.S.P.R. 420 (M.S.P.B. 1980), in discerning whether the award of attorney fees is appropriate in

16

back pay cases:

1. Where the agency engaged in a "prohibited personnel practice" (§ 7701(g)(1));

2. <u>Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantial[ly] innocent" of the charges brought by the agency;</u>

3. Where the agency initiated the action against the employee in "bad faith," including:

   a. Where the agency's action was brought to "harass" the employee;
   b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways";

4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;

5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.

<u>Id.</u> at 434-35 (emphasis added); <u>see also</u> <u>Morrison v. NSF</u>, 423 F.3d 1366, 1370

(Fed. Cir. 2005) (relying on the <u>Allen</u> criteria).[7]  In offering up these criteria as tools

with which to gauge the appropriateness of awarding attorney fees, the <u>Allen</u>

Court emphasized that they are "not exhaustive, but illustrative." <u>Allen</u>, 2 M.S.P.R.

at 435.  The Court further states that "these examples should serve primarily as

directional markers toward 'the interest of justice' -- a destination which, at best,

can only be approximate," and that "[d]ivination of that elusive objective must, in

the most rigorous but still fallible last analysis, rely upon an impartial and rational

---

[7]The parties have pointed to no Sixth Circuit cases that have applied the attorney fee provisions of 5 U.S.C. § 5596(b)(1)(A)(ii); § 7701(g), nor has the Court found any.

sense of fairness constrained by practicality." Id.

The Plaintiff, in this case, argues that the interest of justice would be served, in general, because of the compelling facts of her case, and also because the second Allen factor weighs in her favor since the DVA's termination decision was "clearly without merit". As more specifically set forth above, the Plaintiff hinges her argument on the findings in the Disciplinary Appeals Board's decision pertaining to the "unreasonableness" of the termination decision, given her past satisfactory performance, her retention in her job despite the allegations of abuse and her satisfactory evaluations during that time period.

The Federal Circuit explained the parameters of the second Allen factor as follows: "To satisfy category two . . . , an employee must show more than an overall victory. Rather, the final result must vindicate the employee as 'substantially innocent' or disclose that the original agency action was 'wholly unfounded' or 'clearly without merit.'" Dunn v. Department of Veterans Affairs, 98 F.3d 1308, 1312 (Fed. Cir. 1996). Thus, the phrases "substantially innocent" and "wholly unfounded" inform the definition of the phrase "clearly without merit," such that the final result of the employee's appeal must indicate that the employer's termination decision was so clearly without merit that it was akin to a finding that the employee was actually substantially innocent of the charges against her or that the agency's charges were wholly unfounded.

While the DVA's decision in this case might have been "unreasonable", based on the facts that the Plaintiff highlights, the Court cannot say that it was

clearly without merit.  The Plaintiff was not found to be substantially innocent of the charges against her, in that the Board determined that she had committed two of the three improprieties for which she had been charged.  This finding also demonstrates that the DVA's charges were not "wholly unfounded."

The Court, therefore, finds that the DVA's decision to terminate the Plaintiff, although unreasonable, was not clearly without merit.  Furthermore, there are no additional facts to indicate that the interest of justice warrants an award of attorney fees, in this case.  There being no genuine issue of material fact on this issue and the legal authority not being supportive of the Plaintiff's claim, the Plaintiff's Motion for Summary Judgment (Doc. #16) is OVERRULED, on the issue of her entitlement to reasonable attorney fees, under the provisions of the Back Pay Act.  Conversely, the Defendant's Motion for Summary Judgment (Doc. #19) is SUSTAINED, on this issue.[8]

---

[8]This result, while compelled by law, is perceived by the Court as unfair, given that the DVA would most likely never have reinstated the Plaintiff without the help of her attorney.  As previously noted, the Sixth Circuit has had no occasion to address the attorney fee provisions of § 5596(b)(1)(A)(ii) or § 7701(g), to determine whether the facts presented herein warrant an award of attorney fees, "in the interest of justice," as a result of "the most rigorous but still fallible last analysis, [based] upon an impartial and rational sense of fairness constrained by practicality," or by any other standard the Sixth Circuit wished to apply.  The bulk of the case law concerning these Sections is from the Federal Circuit.  That Appellate Court has, on several occasions, addressed this basic unfairness, but concluded that it is limited by the grant of authority Congress has given the courts to award attorney fees not just when an employee prevails, but also when it is in "the interest of justice."  Dunn v. Department of Veterans Affairs, 98 F.3d 1308, 1312 (Fed. Cir. 1996) (noting that in order to demonstrate that an agency's actions were clearly without merit, "an employee must show more than an overall victory"); Sterner v. Department of Army, 711 F.2d 1563, 1570 (Fed. Cir. 1983)

IV.    CONCLUSION

The Plaintiff's Motion for Summary Judgment (Doc. #16) is OVERRULED on the issue of her entitlement to reasonable attorney fees, under the provisions of the Back Pay Act, and SUSTAINED, on the following two issues:  (1) the Defendant's wrongful withholding of $1,077.68 from her back pay award for health insurance premiums, and (2) the Defendant's owing her interest on the amount of the back pay she received, as well as the amount of back pay the Secretary still owes her for wrongfully withholding health insurance premiums.  The Defendant's Motion for Summary Judgment (Doc. #19) is SUSTAINED on the issue of the Plaintiff's entitlement to reasonable attorney fees, under the provisions of the Back Pay Act, and OVERRULED, on the following two issues:  (1) the Defendant's wrongful withholding of $1,077.68 from the Plaintiff's back pay award for health insurance premiums, and (2) the Defendant owing the Plaintiff interest on the amount of the back pay she received, as well as the amount of back pay he still owes her for the wrongfully withheld health insurance premiums.

Judgment is to be entered on behalf of the Plaintiff and against the Defendant, in the amount of $1,077.68, for health insurance premiums, and in an amount to be computed in accordance with 5 U.S.C. § 5596(b)(2)(B), for interest on the sum of $22,309.33.  Judgment is to be entered on behalf of the Defendant

---

(citing legislative history for Back Pay Act (29 S. REP. NO. 969 at 61, 1978 U.S. CODE CONG. & AD. NEWS at 2783), which states that the "award of attorney's fees should not become . . . the ordinary practice in cases which the employee wins").  An appeal would be welcomed.

and against the Plaintiff, on the issue of attorney fees payable under the Back Pay

Act.

　　　　The above captioned cause is hereby ordered terminated upon the docket

records of the United States District Court for the Southern District of Ohio,

Western Division, at Dayton.


September 2, 2008


　　　　　　　　　　　　　　　　　　　  /s/ Walter Herbert Rice
　　　　　　　　　　　　　　　　　　WALTER HERBERT RICE, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT


Copies to:
Counsel of record